UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE JACKSON,<br><br>             Plaintiff,<br><br>   v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>             Defendants. | Civil Action No. 25-302 (EGS) |

## MEMORANDUM OPINION

Plaintiff Jacqueline Jackson ("Ms. Jackson") worked as an educational aid/paraprofessional at Marie Reed Elementary School ("Marie Reed"), a District of Columbia Public School. *See* Compl., ECF No. 1 ¶¶ 11, 20, 22. Ms. Jackson brings this suit against the District of Columbia ("the District"), Katie Lundgren ("Ms. Lungren"), the Principal of Marie Reed; and Doris Peña ("Ms. Peña"), a colleague at Marie Reed (collectively, "Defendants"). *Id*. ¶¶ 10-12. Ms. Jackson does not state whether she sues the individual defendants in their official capacities, their individual capacities, or both. *See generally id.* Ms. Jackson brings the following Counts: (1) Sexual Harassment in violation of 42 U.S.C. § 2000e-2(a) *et seq.*; (2) Disability Harassment in violation of 42 U.S.C. § 12132, *et seq.*, 29 U.S.C. § 794, *et seq.*, D.C. Code Ann. § 32-503, *et seq.*; (3) Reprisal Harassment in violation of 42 U.S.C. § 2000e-3, *et seq.*; 42 U.S.C. § 12132,

1

*et seq.*, 29 U.S.C. § 794, *et seq.;* D.C. Code Ann. § 32-503, *et seq.;* (4) Racial Discrimination in violation of 42 U.S.C. § 2000e-2(a), *et seq.;* (5) Disability Discrimination in violation of 42 U.S.C. § 12132, *et seq.*, 29 U.S.C. § 794, *et seq.*, D.C. Code Ann. § 32-503, *et seq.;* (6) Reprisal based on prior EEO Activity in violation of 42 U.S.C. § 2000e-3, *et seq.;* 42 U.S.C. § 12132, *et seq.*, 29 U.S.C. § 794, *et seq.*, D.C. Code Ann. § 32-507, *et seq.;* (7) Wrongful discharge in violation of 42 U.S.C. § 2000e-2, *et seq.;* 42 U.S.C. § 12132, *et seq.*, 29 U.S.C. § 794, *et seq.*, D.C. Code Ann. § 32-503, *et seq.;* (8) Intentional Infliction of Emotional Distress; (9) Negligent Infliction of Emotional Distress; (10) Negligence; and (11) Violation of Hate Crime Statute, D.C. Code § 22-3704. *Id*. at 15-36.

Pending before the Court is Defendants' Motion for Partial Summary Judgment. *See* Mot. for Partial Summ. J. ("MPSJ"), ECF No. 14. Defendants seek partial summary judgment as to Ms. Jackson's claims under District of Columbia Law; specifically Counts 8, 9, 10, and 11 on the ground that they are barred by Ms. Jackson's failure to comply with the notice requirements set forth in D.C. Code § 12-309. Defendants state that Section 12-309 also bars these Counts as to Ms. Lundgren and Ms. Peña, to the extent Ms. Jackson sues them in their official capacities. Ms. Jackson did not respond to the Motion for Partial Summary Judgment. Rather, in her Motion for Extension of Time to Respond

to Defendants' Motion to Dismiss ("Mot. Extension of Time"), she states the following: "Plaintiff will not be offering any opposition to the Defendants' Motion for Summary Judgment on Plaintiff's tort claims against the Defendants for Claims 8-11. Notwithstanding, Plaintiff has a police report that she believes would satisfy the notice provision of D.C. Code § 12-309." Mot. Extension of Time, ECF No. 15 at 1 n.1.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The nonmoving party must utilize affirmative evidence and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Relevant to the claims in this case, D.C. Code § 12-309(a) provides that:

> an action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

"Th[is] notice requirement is a prerequisite to a suit against the District of Columbia 'because it represents a waiver of sovereign immunity.'" *Blocker-Burnette v. District of Columbia*, 730 F. Supp. 2d 200, 203 (D.D.C. 2010) (quoting *Faison v. District of Columbia,* 664 F. Supp. 2d 59, 68 (D.D.C. 2009)). Compliance with the notice requirement is mandatory, *id.*; and "'is to be strictly construed[.]'" *Barnhardt v. District of Columbia*, 601 F. Supp. 2d 324, 329 (D.D.C. 2009) (quoting *Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C. 1981)).

Defendants' Statement of Undisputed Facts accompanying the Motion for Partial Summary Judgment states as follows:

1. The District of Columbia Office of Risk Management (ORM) is responsible for receiving, processing, and maintaining records of claim notices served pursuant to D.C. Code § 12-309. Declaration of Lana Craven ¶ 3, attached as Exhibit 1.

2. ORM receives written notices of claims from the Mayor's Office or directly from claimants and records them in its claims management system. *Id.* ¶ 4.

3. ORM conducted a diligent search of its records for any written claim notices received from or on behalf of Plaintiff regarding any claims against the District. *Id.* ¶ 6.

4. This search did not reveal any letters or notices from or on behalf of Plaintiff. *Id.* ¶ 7.

5. When ORM receives a claim notice, it issues an acknowledgment letter to the sender and

4

       assigns a claim number for tracking and investigation. *Id.* ¶¶ 8-9.

6. ORM's search did not identify an acknowledgment letter, claim number, or any record of a notice from or on behalf of Plaintiff. *Id.* ¶ 10-11.

7. ORM's established practice is to store all claim notices in a searchable system. The absence of any record for Jacqueline Jackson confirms that she did not serve notice of her claims pursuant to D.C. Code § 12-309.

Defs.' Statement of Undisputed Material Facts, ECF No. 14-1 at 1-2. Ms. Jackson did not respond to the Defendants' Statement of Undisputed Facts. *See* Mot. Extension of Time, ECF No. 15 at 1 n.1; *see generally* Dkt. for Civil Action No. 25-302. Accordingly, the Court considers the statement of facts undisputed for the purpose of this motion. *See* Fed. R. Civ. P. 65(e)(2).

    The undisputed facts demonstrate that Ms. Jackson failed to comply with the mandatory notice requirements of D.C. Code § 12-309. Accordingly, Ms. Jackson's claims in Counts 8, 9, 10, and 11 against the District are barred. *See District of Columbia v. Dunmore*, 662 A.2d 1356, 1362 (D.C. 1995).

    Ms. Jackson does not state whether she sues the individual defendants in their official capacities, their individual capacities, or both. *See generally* Compl., ECF No. 1. To the extent she sues them in their official capacities, her suit is

treated as a suit against the District and so her failure to comply with the mandatory notice requirements of D.C. Code § 12-309 also bars her claims against the individual defendants sued in their official capacities. *See Crockett v. District of Columbia*, Civil Action No. 16-1357, 2020 WL 1821121, at *7 (D.D.C. Apr. 10, 2020).

For the reasons explained above, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment, ECF No. 14.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**February 23, 2026**